NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

OSCAR A. AISSEN, PETITIONER, v. REINER CONSTRUCTION CO., RESPONDENT.

Decided November 3, 1943.

For the petitioner, *David Roskein.*

For the respondent, *James J. Bannon, Jr.*

The respondent denied that the petitioner's accident, which occurred on June 19th, 1943, while he was on a public highway, at or in the vicinity of 66 Augusta Street, Irvington, New Jersey, arose out of and in the course of his employment with the respondent. The testimony of the petitioner, which is undisputed, indicated that he was employed by the respondent as a painter, and that on the day in question he was directed by his employer, Carl Reiner, to repair to his home at 361 Fabyan Place, Newark, New Jersey, for the purpose of collecting his weekly salary. The testimony discloses that it was the custom of the respondent to pay off his employees on Saturday at one o'clock at the place where they were working. On the day in question, the undisputed testimony discloses, Carl Reiner called at 66 Augusta Street, Irvington, New Jersey, where the petitioner was in the performance of his duties as a painter, and directed, upon the termination

of his day's employment to call at his home for his pay, as the employer had, for some reason, been unable to make such payment as he customarily did. While in the act of crossing the street the petitioner was struck by a motor vehicle. He was hospitalized in the Irvington General Hospital from June 19th, 1943, to June 25th, 1943, and thereafter he underwent medical treatment by Dr. Maclyn F. Baker. The reasonable cost of such hospitalization and medical treatment is properly chargeable to the respondent.

After hearing the testimony I have come to the conclusion that the petitioner should prevail, and find as a fact that the automobile accident, sustained by the petitioner, arose out of and in the course of his employment with the respondent. That petitioner was in the act of going to his employer's home for his pay; that the employer had requested the petitioner so to do and thereby increased the hazard of the petitioner's employment and extended the scope thereof in so doing, and that the injury sustained by the petitioner in obedience to orders issued by his employer, arose out of and in the course of his employment with the respondent. With respect to the disability aspect of this case there appears to be no controversy as the parties have stipulated the same.

I further find that the respondent had due and timely notice and knowledge of the said accident as provided by the statute, and that the petitioner's wages entitle him to a compensation rate of $20 per week. I further find that the respondent is chargeable and shall pay the reasonable cost of the hospital expenses, incurred during the petitioner's confinement at the Irvington General Hospital, and the reasonable cost of the medical expenses incurred with Dr. Maclyn F. Baker.

On behalf of the respondent the testimony of Dr. Fulton E. Massengill was adduced. It was his opinion that the petitioner's present disability does not exceed 15-20% loss of usefulness of the right foot, and in his opinion, in view of the favorable prognosis, the permanent disability would not exceed 15% of the foot.

Dr. Max Kummel appeared on behalf of the petitioner. It was his opinion that the settlement effectuated was fair.

He found enlargement of the ankle at both malleoli with limitation in motion thereof. In his opinion the disability ranged from 25-27½% of the foot.

I, therefore, order, on this 25th day of October, 1943, that judgment be entered in favor of the petitioner and against the respondent.

HARRY S. MEDINETS,
*Deputy Commissioner.*